Georgiy B. Lyudyno (CABN 268380)
4050 3rd Ave., # 413
San Diego, CA 92103
Telephone: 619-717-2079
Facsimile: 619-655-4335
E-Mail: georgiy@hillcrestlawyer.com

Attorney for Plaintiff

(Exempt from filing fee pursuant to 38 U.S.C. §4323(h)(1))

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LIEN-PINO,<br><br>Plaintiff,<br><br>-v-<br><br>BARRY'S BOOTCAMP SAN DIEGO LLC, and<br><br>DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **'11CV0269 H BLM**<br><br>**COMPLAINT FOR:**<br>1. Discrimination under 38 U.S.C., §4301 *et seq.*;<br>2. Discrimination under California Military and Veterans Code §394;<br>3. Tortious Discharge in Violation of Public Policy.<br><br>**DEMAND FOR JURY TRIAL**<br>F. R. Civ. P. Rule 38 |

1. Plaintiff, Michael Lien-Pino ("Plaintiff"), by his undersigned attorney, brings this civil action and alleges as follows:

**I. INTRODUCTION**

2. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 ("USERRA").

**II. JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

4. Venue is proper in this district under 38 U.S.C. § 4323(c)(2) because defendant Barry's Bootcamp San Diego, LLC ("Bootcamp") maintains a place of business within this judicial district. Moreover, venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this lawsuit occurred in this judicial district.

### III. INTRADISTRICT ASSIGNMENT

5. The events giving rise to plaintiff's claim occurred in substantial part in San Diego County.

### IV. PARTIES

6. During his employment with Bootcamp, plaintiff resided in Lemon Grove, California, in San Diego County, within the jurisdiction of this Court.

7. Bootcamp maintains a place of business at 1220 Cleveland Ave., Ste M-109, San Diego, California, in San Diego County, within the jurisdiction of this Court, and is an employer within the meaning of 38 U.S.C. § 4303(4)(A).

8. The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants Does 1 through 100, inclusive, are unknown to Plaintiff who sues these Defendants by such fictitious names. On information and belief, each of the Defendants designated as a Doe 1 through 100 is legally responsible for the events and happenings referred to in this pleading, and unlawfully caused the injuries and damages to Plaintiff as alleged in this pleading. Plaintiff will seek leave of court to amend this pleading to show the true names and capacities when the same have been ascertained.

9. At all times herein relevant, Defendants and Does 1 through 100, whether fictitiously named or otherwise, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, alter ego, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged

herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein, and legally responsible to Plaintiff for the acts and omissions of each other.

### V.  FACTUAL ALLEGATIONS

10. Plaintiff commenced his employment with Bootcamp on or about October 1, 2010 as a front desk attendant.

11. Plaintiff is a member of the United States Army Reserve ("Army Reserve").

12. On or about October 25, 2010, plaintiff gave verbal notice to Shmulik Sharon ("Sharon"), a manager at Bootcamp, that he had been ordered to report for mandatory training at airborne school, from November 18, 2011 to December 13, 2011. Sharon responded that the training was an inconvenience for Bootcamp.

13. On or about December 12, 2011, plaintiff telephoned Sharon. Plaintiff told Sharon that plaintiff would be graduating on December 13, 2011 and coming back on the same day. Sharon then told plaintiff that he had no "available hours" for plaintiff but that he would inform plaintiff once he had "available hours."

14. During the next month, plaintiff telephoned Sharon once per week asking Sharon if there were any "available hours" for plaintiff to work.

15. On January 12, 2011, plaintiff went to Bootcamp and asked Sharon about "available hours" for plaintiff to work. Sharon responded that plaintiff's military training was an inconvenience and that Bootcamp has already hired a plaintiff's replacement. Plaintiff then asked if Bootcamp could rehire plaintiff. Sharon told plaintiff that he would let plaintiff know in two days. The next day Sharon sent an e-mail to plaintiff stating that plaintiff would not be rehired.

16. On or about January 14, 2011, plaintiff sent a text message to Sharon stating that plaintiff was advised to pursue legal action if not rehired. Sharon never responded.

### FIRST CAUSE OF ACTION
### Discrimination under 38 U.S.C., §4301 et seq.

**(By plaintiff against all defendants)**

17. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

18. 38 U.S.C. §4301 sets forth USERRA'S express intent in that "[t]he purposes of this chapter are (1) to encourage non-career service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service; ... and (3) to prohibit discrimination against persons because of their service in the uniformed services."

19. 38 U.S.C. §4311(a) states, "person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

20. 38 U.S.C. §4311(b) provides: "An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter ... or (4) has exercised a right provided for in [same]."

21. There are no exhaustion requirements or administration remedies required under USERRA, 38 U.S.C. §4323 (a)(2)(A).

22. In addition, 20 CFR Part 1002, page 72546, requires that the provisions of USERRA are "to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need." See also, 20 CFR 1002.7 ("USERRA establishes a floor, not a ceiling, for the employment and reemployment rights and benefits of those it protects. In other words, an employer may provide greater rights and benefits than USERRA requires, but no employer can refuse to provide any right or benefit guaranteed by USERRA.").

23. Plaintiff has given defendants proper notice of his military service.

24. PLAINTIFF reported to work within USERRA's statutory time frame.

25. Defendants' failure to provide benefits of employment violated the rights afforded plaintiff under USERRA, 38 U.S.C. §§4301, *et. seq.*

26. Defendants' acted voluntarily, deliberately and willfully in its violation of USERRA.

27. Defendants, deprived plaintiff of his rights, privileges and immunities which were clearly established at the time defendants acted herein and defendants knew or should have known that its conduct would violate these rights, privileges and immunities. Defendants acted with the intent to deprive the plaintiff of his rights, privileges and immunities by purposely and intentionally failing to abide by USERRA.

28. As a legal result of the above-described conduct of defendants, plaintiff suffered incidental, consequential, liquidated and/or special damages, and will sustain attorneys' fees and costs in an amount according to proof.

**SECOND CAUSE OF ACTION**

**Discrimination under California Military and Veterans Code §394**

**(By plaintiff against all defendants)**

29. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

30. Plaintiff brings this claim under California state law with federal court jurisdiction being conferred by 28 U.S.C. § 1367(a).

31. California Military & Veterans Code §394 provides that no person shall discriminate against any enlisted member of the military or naval forces of the United States because of that I membership. Section 394 also provides that no employer or person shall discharge any person from employment because of the performance of any ordered military duty, or prejudice or harm him in any manner in his employment, position, or status by reason of performance of military service or duty.

32. Defendants' conduct, as alleged herein above, constitutes a violation of §394.

33. As a direct and proximate result of the conduct of defendants as set forth in this count, plaintiff has suffered injuries and damages including but not limited to, loss of past and

future earnings, loss of past and future benefits, all to his damage in an amount that has yet to be ascertained, according to proof.

34. As a further direct result of the conduct of defendants as set forth in this count, plaintiff suffered emotional distress including but not limited to, depression, frustration, anger, loss of self worth, and humiliation, all to his damage in an amount that has yet to be ascertained, according to proof.

35. Defendants' acts as herein before described were committed maliciously, fraudulently or oppressively with the intent of injuring plaintiff, and/or with a willful and conscious disregard of plaintiff's right to be free of workplace discrimination. Because these acts were carried out by officers, directors and/or managing agents of defendants in a despicable, deliberate and intentional manner, plaintiff is entitled to recover punitive damages under California Civil Code §3294.

36. Pursuant to California Military and Veterans Code §394(g), plaintiff requests an award of attorney fees against defendants, and each of them.

**THIRD CAUSE OF ACTION**

**Tortious Discharge in Violation of Public Policy**

**(By plaintiff against all defendants)**

37. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

38. Plaintiff brings this claim under California state law with federal court jurisdiction being conferred by 28 U.S.C. §1367(a).

39. Both the California Military and Veterans Code §394, which makes violations thereof a misdemeanor, and USERRA, 38 U.S.C. §§4301 et seq., express the public policy of prohibiting discriminating against members of the uniformed services because of such status and/or participation in military service, by taking adverse employment actions against such persons.

40. As set forth in the complaint herein, defendants violated both of these code sections.

41. As a direct and proximate result of the conduct of defendants as set forth in this count, plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount that has yet to be ascertained, according to proof.

42. As a further direct result of the conduct of defendants as set forth in this count, plaintiff suffered emotional distress including but not limited to, depression, frustration, anger, loss of self worth, and humiliation, all to his damage in an amount that has yet to be ascertained, according to proof.

43. Defendants' acts as herein before described were committed maliciously, fraudulently or oppressively with the intent of injuring plaintiff, and/or with a willful and conscious disregard of plaintiff's right to be free of workplace discrimination. Because these acts were carried out by officers, directors and/or managing agents of defendants in a despicable, deliberate and intentional manner, plaintiff is entitled to recover punitive damages under California Civil Code §3294.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief and judgment, as follows:

a. For special damages including lost wages, lost employee benefits, bonuses. vacation benefits in an amount that has yet to be ascertained, according to proof;

b. for general damages in an amount that has yet to be ascertained, according to proof;

c. for liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C);

d. for punitive damages;

e. for prejudgment interest;

f.   for attorney fees;

g.   for all costs of suit; and

h.   for such other and further relief as the Court deems just and proper.

Dated: February 7, 2011

Georgiy B. Lyudyno
Attorney for Plaintiff

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: February 7, 2011

Georgiy B. Lyudyno
Attorney for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MICHAEL LIEN-PINO

**DEFENDANTS**
BARRY'S BOOTCAMP SAN DIEGO LLC, and DOES 1 through 100, inclusive

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Georgiy B. Lyudyno, 4050 3rd Ave., #413, San Diego, CA 92103
619 717 2079

Attorneys (If Known)

**'11CV0269 H    BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
38 U.S.C. §§ 4301 - 4333    28:1391
Brief description of cause:
Employment discrimination/ termination on military status

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 02/06/2011
SIGNATURE OF ATTORNEY OF RECORD: *[signature]* Georgiy B. Lyudyno

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE